## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

**JOHN HENRY BAKER, SR., and ANNIE BAKER,**
**Individually and as Personal Representatives on Behalf of the**
**Wrongful Death Beneficiaries of JOHN HENRY BAKER LOWE, JR.**      **PLAINTIFFS**


**v.**                                    **CIVIL ACTION NO.    3:23CV232-NBB-RP**

**MANAGEMENT & TRAINING CORPORATION,**
**and JOHN AND JANE DOES 1-100**                          **DEFENDANTS**

### PLAINTIFFS' FIRST AMENDED COMPLAINT

### *Jury Trial Demanded*

1.      This complaint is brought by John Henry Baker, Sr., and Annie Baker, (hereinafter, "Plaintiffs"), Individually and as Personal Representatives on Behalf of the Wrongful Death Beneficiaries of John Henry Baker Lowe, Jr., (hereinafter, "Decedent"), by and through undersigned counsel, against Management & Training Corporation, and John and Jane Does 1-100.

### JURISDICTION AND VENUE

2.      Subject Matter Jurisdiction is appropriate in federal court since a federal question is raised pursuant to 42 U.S.C. 1983 as well as the 8th and 14th Amendments to the United States Constitution. The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. §§ 1331, 1332, and 1343. The Plaintiffs and Defendant are citizens of different states and the claim in question is in excess of $75,000.00. The Court also has pendent jurisdiction over the Plaintiffs' state causes of action.

3.      Venue is appropriate in this Court under § 1391(b), as all acts and/or omissions occurred in Marshall County, Mississippi, which is located within the Northern District of the

United States District Court, Oxford Division.

## PARTIES

4.    Plaintiffs, John Henry Baker, Sr., and Annie Baker, are adult resident citizens of Washington County, Mississippi. Their current residence is 223 Thomas Street, Greenville, Mississippi 38703. Plaintiffs, the Decedent's surviving natural father and mother, bring this action individually and on behalf of the wrongful death beneficiaries of the Decedent, John Henry Baker Lowe, Jr.[1]

5.    Decedent was, at all times material to this Complaint, an adult incarcerated at the Marshall County Correctional Facility (hereinafter, "MCCF"), located at 833 West Street, Holly Springs, Marshall County, Mississippi. Substantial acts, omissions, and events which caused the Decedent's death took place in Marshall County, Mississippi. At the time of the incident which gives rise to this Complaint, Decedent was a 25-year-old citizen of the State of Mississippi, and a prisoner incarcerated at MCCF. The Plaintiffs, as Decedent's Personal Representatives, bring this action pursuant to Mississippi Code Ann. § 11-7-13 (1972), the Wrongful Death Statute.

6.    Defendant, Management & Training Corporation (hereinafter, "MTC"), a national for-profit prison operator incorporated and existing in the State of Utah, is under contract with the Mississippi Department of Corrections ("MDOC") for the management and oversight of the prison's daily operations, under which it had the responsibility for providing humane care and treatment consistent with all constitutional and ACA standards. MTC's 5,545 employee corrections division operates twenty-four (24) correctional facilities throughout the United States,

---

[1] An heirship determination was ordered and adjudged on September 29, 2022, in the Marshall County Chancery Court, finding that John Henry Baker, Sr., surviving natural father; Annie Baker, surviving natural mother; Justin Lowe, surviving natural whole-blooded brother; Maurice Lowe, surviving natural whole-blooded brother; Carla Lowe, surviving natural whole-blooded sister; and Little Theresa Lowe, surviving natural whole-blooded sister, are the sole statutory heirs at law and wrongful death beneficiaries of John Henry Baker Lowe, Jr., Deceased, pursuant to Miss. Code Ann. §§ 91-1-1 *et seq.*, Miss. Code Ann § 11-7-13, and *Long v. McKinney*, 897 So.2d 160 (Miss. 2004).

with seventeen (17) contracts with state correctional departments and seven (7) with federal correctional agencies. The acts, omissions and events giving rise to Plaintiffs' complaint occurred under MTC's management. MTC's principal place of business is located at 500 North Marketplace Drive, Centerville, Utah 84014, and is subject to the in personam jurisdiction of the Court by service of process upon its appointed registered agent, CT Corporation System, located at 645 Lakeland East Drive, Suite 101, Flowood, Rankin County, Mississippi 39232.

7.      The Plaintiffs are ignorant as to the identities of Defendants John and Jane Does 1-100, who are unknown MTC officers, employees, agents, and or servants. Plaintiffs will amend this Complaint to allege their true names and allege that each of the fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that the Plaintiffs' damages, as alleged herein, were proximately caused by their conduct. Plaintiffs, upon information and belief, assert that the Doe Defendants were the officers, agents, servants, and employees of the Defendant herein, and were acting with the permission and consent within the course and scope of said agency and employment.

## FACTS

8.      On July 11, 2021, the Decedent was attacked in the shower in Unit Charlie 2 at MCCF. The Decedent's injuries were so severe that he was transported to Baptist Memorial Hospital – Oxford and later to Regional One Health in Memphis, Tennessee. On July 13, 2021, the Decedent passed away due to his injuries suffered at the Marshall County Correctional Facility.

9.      Since discovery has not commenced, it is uncertain whether an officer was at his designated post monitoring Unit Charlie 2 during the Decedent's attack on July 11, 2021, or that there was an officer at his post who simply ignored the savage beating. Video footage captured several inmates attacking the Decedent in plain view. MCCF's understaffing issues are rampant

3

and often result in violent consequences, including the Decedent's injuries and death described here.

10.     MTC has a long history of failing to meet contractual obligations in its prisons.[2] MTC's prisons are understaffed and often employ "ghost workers." Ghost workers are absent employees, allowing MTC to 'pocket' the state's money rather than employ an adequate number of staff members to keep the prisons safe. In September 2021, Mississippi Department of Corrections took over operation of MCCF due to MCCF's failure to adequately staff the prison.

11.     On July 11, 2021, at approximately 6:26PM, the Decedent was found on the floor in the shower in Charlie 2 ("C2") with wounds on his face and body. The Decedent was awake but lethargic when found on the shower floor. The Decedent had lacerations, abrasions, bruises, and scratches on his head, face, body, and neck. The Decedent was housed in medical for observation until 11:20PM.

12.     On July 11, 2021, at approximately 11:20PM, medical staff informed Captain Moorehead that the Decedent needed to be taken to an outside facility for medical treatment. On July 11, 2021, at approximately 11:26PM, the Decedent was transferred from MCCF to Baptist Memorial Hospital – Oxford.

13.     On July 12, 2021, at approximately 1:00AM, transporting officers advised the shift commander that the Decedent needed transported to Regional One in Memphis, Tennessee due to his head injury.

14.     On July 12, 2021, Regional One Health discovered that the Decedent suffered a

---

[2] Understaffing issues at MTC's prisons have been an ongoing issue for years. In November 2022, Mississippi Auditor Shad White announced that his office was demanding nearly two million ($2,000,000) dollars from MTC for failing to have adequate staff on duty at Marshall County Correctional Facility. The Marshall Project published that MTC should have repaid $800,000 for vacant positions and unfilled shifts at the MCCF between 2013 to 2019. https://www.themarshallproject.org/2020/12/09/no-show-prison-workers-cost-mississippi-taxpayers-millions.

'devastating neurological injury from which meaningful recovery is not anticipated.' No surgical intervention would have been beneficial to the Decedent. Medical records from July 12, 2021, stated that the Decedent was anticipated to pass away secondary to his injuries.

15.     A CT brain exam showed multiple skull fractures involving the right temporal bone, right parietal bone, and occipital bone. The brain exam also showed multiple hemorrhages and hematoma in the Decedent's brain.

16.     On July 13, 2021, at approximately 6:15PM, the Decedent's life expired at Regional One Medical Center in Memphis, Tennessee.

### 1983 CAUSES OF ACTION:

### UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT; FAILURE TO TRAIN; FAILURE TO SUPERVISE; FAILURE TO ADEQUATELY STAFF

17.     Plaintiffs incorporate all allegations set forth in Paragraphs 1 through 16 hereinabove.

18.     Defendant MTC had the responsibility and duty to supervise, oversee and control the training and job performance of staff, as well as the daily operations of MCCF. Defendant had the duty to ensure that MCCF was maintained in a safe and sanitary condition, suitable for human occupation and compliant with constitutional requirements. Defendant had the duty to ensure that the officials acted in compliance with the laws and Constitutions of the State of Mississippi and of the United States, and did not deprive inmates of their rights guaranteed under the United States Constitution and laws. This included the duty to ensure that the conditions of inmate confinement did not impose what may constitute cruel and unusual punishment.

19.     By and through Defendant's deliberate indifference to the safety of the Decedent on and before July 13, 2021, and the establishment of customs, policies and practices which created unconstitutional conditions of confinement, Defendants MTC and Doe Defendants 1-100 violated the clearly established constitutional rights of the Decedent, including but not limited to:

A)     Cruel and unusual punishment under the Eighth and Fourteenth Amendments;

B)     Decedent's right not to be deprived of liberty without due process of law;

C)     Decedent's right to be safe and protected from injuries while in Defendants' custody; and

D)     Decedent's right to be protected by the prison officials and guards while under their control.

20.     MTC maintained and operated the MCCF in such a manner that the conditions of confinement resulted in a comprehensive and pervasive pattern of serious deficiencies in providing for the basic human needs of inmates detained in the MCCF in every respect.

21.     Such unwritten policies, customs and practices include but are not limited to the following:

A)     Inadequate and improper training, supervision and discipline of MCCF corrections officers;

B)     Inadequate and improper procedures and practices in screening, hiring, training, and supervising staff;

C)     Failure to properly classify inmates;

D)     Failing to conduct safety checks in housing units or having officers assigned to housing units;

E)     Failing to adequately staff MCCF with trained and qualified guards and allowing the prison to be understaffed.

22.     As a direct and foreseeable result of Defendants' actions, Plaintiffs suffered damages including but not limited to, decedent's death, his emotional distress, mental anguish, as well as his pain and suffering, as well as the heirs' damages under the wrongful death statute

23.     Jailers and jail staff, including the Doe Defendants, acted, or failed to act, in accordance with official policies, customs and practices of MTC, or at the direction of and with the approval of these officials, in depriving the Decedent of his rights as described herein. The policies, practices and customs were moving forces in the action and inaction for jailers, and jail staff, and these jailers and jail staff acted with deliberate indifference to the rights, welfare and medical needs of and other constitutional rights of the Decedent.

23.     From Defendant MTC and Doe Defendants 1-100, jointly and severally, Plaintiffs seek recovery of all compensatory and punitive damages to which the Estate of John Henry Baker Lowe, Jr. is entitled as a result of the conditions of Decedent's confinement, and the damages he suffered therefrom.

## NEGLIGENCE/GROSS NEGLIGENCE

24.     Plaintiffs incorporate all allegations set forth in Paragraphs 1 through 23 hereinabove.

25.     At all times relevant herein, Defendant and its employees had a duty to exercise ordinary care for the inmates at MCCF, including the Decedent. Defendant and its employees breached that duty by failing to use the ordinary care that a reasonable person would use to avoid and prevent injury to others, i.e., in the case *sub judice*, to provide the appropriate, reasonable and necessary supervision to avoid and prevent injury- the failure of which led directly to the incontrovertible permanent damage sustained by the Plaintiffs. This breach was so egregious as to amount to gross negligence.

26.     The death of John Henry Baker Lowe, Jr. was the reasonably foreseeable outcome of Defendants and its employees' acts and omissions. These acts and/or omissions were substantial factors in causing his death, and the accompanying damages suffered by the Plaintiffs.

## NEGLIGENT HIRING AND SUPERVISION

27.     Plaintiffs incorporate all allegations set forth in paragraphs 1 through 26 hereinabove.

28.     Plaintiffs allege Defendant MTC negligently hired, supervised and retained its employees and agents, inter alia, by A) failing to properly ensure the Decedent's health, safety and well-being while incarcerated at MCCF; B) failing to properly train, supervise, discipline, retain, hire and/or discharge its employees, agents, and/or representatives; and C) neglecting the Decedent's care and safety, and as a direct and proximate result, the Plaintiffs sustained the harms alleged herein.

## RESPONDEAT SUPERIOR

29.     Plaintiffs incorporate all allegations set forth in Paragraphs 1 through 28 hereinabove.

30.     Defendants and Doe Defendants 1-100 acted with negligence, gross negligence, and/or intentionally by allowing or failing to prevent Decedent's death.  At all times relevant, Defendant owed a duty to the Decedent to ensure his safety and well-being, and Defendant breached this duty.  The actions and inactions of Defendant and/or Doe Defendants 1-100 led directly to the death of the Decedent.  MTC, as Doe Defendants 1-100's employers, is liable for their actions which were undertaken during the course and scope of their employment.

## PUNITIVE DAMAGES

8

31.     The Plaintiffs incorporate all allegations set forth in Paragraphs 1 through 30 hereinabove.

32.     MTC and Doe Defendants 1-100, in their individual capacities, acted in complete disregard for the safety of the Decedent by acting in a negligent and/or grossly negligent manner as previously described herein.  The actions of these Defendants warrant punitive damages.

33.     The Defendants' actions in their individual capacities exhibited gross negligence and direct disregard of the safety of the Decedent.  Punitive damages should be awarded against the Defendants.  Defendants' tortious actions caused the wrongful death of the Decedent, and therefore, Plaintiffs' emotional distress and mental anguish.

## PRAYER FOR RELIEF

The Plaintiffs request that upon a jury trial of this cause, the Court will award all relief due Plaintiffs as set forth herein, including but not limited to the following relief:

A.     Compensatory damages of, from and against the Defendants, in amount to be determined by this Court.

B.     Punitive damages of, from and against the Defendants, in their individual capacities in an amount to be determined by this Court.

C.     Payment of medical expenses.

D.     Reasonable attorney's fees and all costs of this court.

E.     Pre and post judgment interest.

F.     Such other general and specific relief as appears reasonable and just in this cause.

RESPECTFULLY SUBMITTED, THIS the 27th day of June, 2023.

JOHN HENRY BAKER, SR.

BY: _____

COURTNEY D. SANDERS

OF COUNSEL:

CHARLES R. MULLINS (MB# 9821)
MERRIDA (BUDDY) COXWELL (MB# 7782)
COURTNEY D. SANDERS (MB# 106444)
COXWELL & ASSOCIATES, PLLC
500 North State Street
Jackson, Mississippi 39201
Telephone: (601) 948-1600
Facsimile: (601) 948-7097
chuckm@coxwelllaw.com
merridac@coxwelllaw.com
courtneys@coxwelllaw.com
***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

This is to certify that I, Courtney D. Sanders, have on this day filed the above and foregoing **Plaintiffs' First Amended Complaint** with the Clerk of the Court via the ECF system, which sent notice of same to all counsel of record.

This the 27th day of June, 2023.

BY:     _/s/ Courtney D. Sanders_
        COURTNEY D. SANDERS