# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**JOHN HENRY BAKER, SR., et al.**                                            **PLAINTIFF**

**v.**                                            No. 3:23-CV-232-NBB-RP

**MANAGEMENT & TRAINING CORPORATION, et al.**            **DEFENDANT**

## ORDER GRANTING MOTION TO RESTRICT

Before the court is a motion to restrict filed by the plaintiffs. ECF #3. Plaintiffs seeks to have their Original Complaint restricted from public access, claiming that the document inadvertently contains attorney work product. Having considered the request and authorities cited therein, the court finds the motion is well taken and should be granted.

Rule 79 of the Uniform Local Civil Rules provides that no document may be sealed without a court order. L.U. Civ. R. 79(b). The decision to order records sealed is committed to the discretion of the district court, which must "balance the public's common-law right of access against the interest favoring nondisclosure." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). When the documents to be sealed are part of a dispositive motion, the weight of the public's common law right of access is necessarily greater. *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995). Here, however, the items to be sealed are not related to a dispositive motion, thus "the public interest in access is not as pressing." *Id.* (internal quotations and citations omitted).

Therefore, the motion to restrict [ECF #3] is GRANTED. The Clerk is instructed to restrict the Original Complaint [ECF #1] from public access with CM/ECF access permitted to the litigants' counsel.

**SO ORDERED**, this the 28th day of June, 2023.

                                                   /s/ Roy Percy
                                                   UNITED STATES MAGISTRATE JUDGE